**J D S REALTY CORP., Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS and LEROY A. QUINN, Director of Internal Revenue, Defendants**

Civil No. 1981-183

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 28, 1981

ARTHUR POMERANTZ, ESQ., St. Thomas, V.I., *for plaintiff*

DONALD M. BOUTON, ESQ., Acting Attorney General of the Virgin Islands, By: ALAN COBB, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

# MEMORANDUM AND ORDER

Before the Court at this time is the motion of the defendants to dismiss the instant action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The motion will be denied.

Plaintiff here seeks the refund of excise taxes paid for the months of January 1977 through September 1980. Claiming that the assessment and collection of those excise taxes were illegal and unconstitutional, plaintiff seeks to recover the sum of $2,046,137.86.

Defendants urge dismissal of the action on the ground that plaintiff failed to file a proper claim for refund with the Virgin Islands Commissioner of Finance before instituting this law suit as is required by 33 V.I.C. § 1692(a).[1] Defendants, while admitting that the plaintiff submitted a letter to the Commissioner on January 31, 1980, requesting a refund, argue that the aforementioned letter was not a "claim for refund" within the meaning of 33 V.I.C. § 1692(a). In the view of defendants, the alleged "claim for refund" was defective in that the letter gave no details of the nature of the plaintiff's claim and the facts upon which the plaintiff's claim is based as is required by the United States Treasury Regulations. 26 C.F.R. 301.6402-2(b)(1).[2] We disagree.

■ Firstly, we are of the opinion that we need not determine whether plaintiff's January 31, 1980, letter meets the requirements of a claim for refund that are set forth in 26 C.F.R. 301.6402-2(b)(1), because that section is inapplicable to the case at bar. 33 V.I.C. § 1692(a) provides that a claim for refund must be in accordance with the provisions of law governing refunds filed with the "Commis- sioner", and in accordance with any regulations promulgated by the "Commissioner" which govern refunds. 33 V.I.C. § 1931(1) defines the "Commissioner" as the Virgin Islands Commissioner of Finance.

---

[1] 33 V.I.C. § 1692(a) provides the following in pertinent part:

"No action or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of the Commissioner established in pursuance thereof."

[2] The relevant portion of 26 C.F.R. 301.6402-2(b)(1) is as follows:

"The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that it is made under penalties of perjury. *A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.*" (Emphasis added.)

26 C.F.R. 301.6402-2(b)(1) is not a "law" governing refunds filed with the Virgin Islands Commissioner of Finance,[3] nor is it a "regulation" promulgated by him. Consequently, that regulation does not govern refund claims under 33 V.I.C. § 1692(a).

There is no Virgin Islands statute or regulation which sets forth requirements for the contents of a claim for refund filed with the Commissioner of Finance.[4] Further, no form has been issued by the Virgin Islands Commissioner of Finance for the filing of a refund claim for excise taxes. We thus conclude that for the purpose of satisfying the prerequisites for maintaining an excise tax refund action in this court, a refund claim filed with the Commissioner of Finance need only state the amount of excise taxes allegedly overpaid, the date(s) such taxes were paid, and the reasons advanced in support of the claimed refund. Such information was provided to the defendants by the plaintiff in its letter of January 31, 1980. That letter must, therefore, be considered to be a valid claim for refund.[5]

ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendants to dismiss this cause of action be, and the same is hereby, DENIED.

---

[3] Although the income tax *laws* in force in the United States are applicable to the Virgin Islands, except that the proceeds of such taxes are paid into the Treasury of the Virgin Islands, see 33 V.I.C. § 1931(15) and 48 U.S.C. § 1397, the defendant has not cited any authority for the proposition that the United States Treasury Regulations are *laws* in force in the Virgin Islands.

[4] One might argue that a United States Treasury Regulation is persuasive authority if an income tax is at issue, due to the Virgin Islands adoption of United States income tax laws. See note 3 supra. However, the rationale of this argument loses force if a purely local Virgin Islands tax is in controversy, such as is the case here.

[5] The Commissioner of Finance may need more information than provided by the plaintiff in this case, before he can properly process a claim. This decision should not be interpreted as a ruling that a refund claimant has no obligation to provide more information if it is requested. However, in the absence of such a request, as was the case in this action, no more information need be provided to satisfy the requirements of 33 V.I.C. § 1692(a).